IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
November 29, 2006 Session

## STATE OF TENNESSEE v. CHRISTOPHER W. NORWOOD

**Appeal from the Criminal Court for Williamson County**
**No. II-01028-A      R.E. Lee Davies**

**No. M2006-00145-CCA-R3-CD - Filed March 23, 2007**

The defendant, Christopher W. Norwood,  was convicted by a Williamson County jury of conspiracy to commit aggravated robbery, a Class C felony,  and evading arrest, a Class A misdemeanor.  The trial court imposed a sentence of 2.7 years as a mitigated offender to be served on probation after the service of sixty days incarceration for the conspiracy offense and a concurrent sentence of eleven months and twenty-nine days for the evading arrest offense.  The defendant argues on appeal that the trial court abused its discretion in denying him judicial diversion.  Upon a full review of the record, arguments of counsel and applicable law, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court are Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which DAVID G. HAYES and NORMA MCGEE OGLE , JJ., joined.

Tusca R.S. Alexis, for the appellant, Christopher Norwood.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; Ronald L. Davis, District Attorney General; Braden H. Boucek and Mary Katherine White, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

The defendant, Christopher W. Norwood, appeals the trial court's denial of judicial diversion. Although the trial transcript was not included in the record on appeal, we are able to determine from the sentencing hearing transcript and presentence report that the defendant was convicted after a  jury trial of conspiracy to commit aggravated robbery and evading arrest based upon his involvement with another individual in a planned robbery outside a Pizza Hut restaurant.  The plan was thwarted when

an observant employee called 911to investigate two suspicious individuals parked in the restaurant parking lot after hours. When approached by the summoned officers, the defendant and codefendant fled on foot but were apprehended in a nearby parking lot. After executing a waiver of rights, the defendant gave a statement to authorities that he needed money for school and that he intended to rob someone who was walking through the parking lot. He admitted that he was armed with a pellet gun and intended to cover his face with a bandana to avoid identification by a potential victim.

At the sentencing hearing, the state presented Joseph M. Thomas, the codefendant, who testified that he and the defendant were both students housed in the same dormitory at Tennessee State University at the time of the offenses. He recalled that they decided to rob someone because the defendant was "tired of being broke." Within a month of formulating their plan, they were arrested for the convicted offenses. They had stolen two pellet guns at a Wal-Mart, acquired two bandanas and planned to rob any random person, but not a business. He also indicated that he and the defendant smoked marijuana about every day while in the dormitory together. The codefendant stated that he pled guilty to conspiracy to commit aggravated robbery and attempted aggravated robbery out of a desire to flatten his sentence along with his violation of probation stemming from a Davidson County conviction for aggravated burglary. He stated that he did not feel that he was actually guilty of the offenses.

Dr. William Hytche, Dean of Students at Tennessee State University, testified that he was responsible for any disciplinary action taken regarding the defendant's arrest. He stated that the defendant was placed on social probation which meant that he was restricted to only academic activities on campus and moved to an upperclass dormitory where he could be closely monitored. Dr. Hytche testified that the defendant performed well on probation and that he regarded the defendant as "worth saving."

Ada Norwood, the defendant's mother, testified that, as a child, the defendant was active in church and was always a good student. She felt like he had gone astray while away from home for college. She said she was shocked at the charges against him and was relieved that nothing actually happened in reference to any actual culmination of a robbery. Since the offenses, the defendant expressed his remorse to her and she warned him to be careful of his associates. She asked that the court give consideration to him being a first time offender so that he could have "a second chance to restore himself to the way he was trained before he left to go away to college." On cross-examination she acknowledged her concern that he never abandoned the plan to rob anyone until the police approached. She also acknowledged his lack of academic performance at certain times throughout college.

The defendant testified that he is a very respectful person who tends to follow rules. He stated that the codefendant first mentioned robbing someone while they were smoking marijuana one evening. He stated that the bandanas belonged to his codefendant and denied stealing the pellet guns from Wal-Mart. He claimed that they had abandoned the plan to rob someone just before the police arrived and apprehended them. He stated that there was no excuse for his involvement in the offenses and that if he had it to do over, he would not involve himself again. On cross-examination,

he acknowledged that he had smoked marijuana. He also acknowledged arrests for possession of drug paraphernalia, disorderly conduct and resisting arrest. It appears from the presentence report that these arrests did not result in any convictions.

The trial court found that the defendant should be sentenced to 2.7 years as an especially mitigated offender based upon his lack of history of criminal convictions, the absence of enhancement factors and the presence of two mitigating factors: (1) the defendant's criminal conduct neither caused nor threatened serious bodily injury and (2) the defendant, because of his youth, lacked substantial judgment in committing the offense. Tenn. Code Ann. § 40-35-109, -113(1) and (6). However, the trial court denied full probation based upon its belief that "there needs to be a little time served here so that [the defendant] will really understand how serious this is." Instead, the defendant was ordered to serve sixty days of his sentence over the summer and Christmas holidays so it would not interfere with his education, with four years of supervised probation to follow. The trial court denied the defendant's request for judicial diversion. The defendant now appeals that denial.

## ANALYSIS

Pursuant to Tenn. Code Ann. section 40-35-313(a)(1)(B), a defendant is eligible for judicial diversion when convicted of a Class C, D or E felony and has not been previously convicted of a felony or a Class A misdemeanor. The decision to grant judicial diversion lies within the discretion of the trial court and will not be disturbed on appeal unless it is shown that the trial court abused its discretion. State v. Parker, 932 S.W.2d 945, 958 (Tenn. Crim. App. 1996). A denial of judicial diversion will not be overturned if the record contains any substantial evidence to support the trial court's action. Id.

When making a determination regarding judicial diversion, the trial court must consider the following factors: (1) the defendant's amenability to correction, (2) the circumstances of the offense, (3) the defendant's criminal record, (4) the defendant's social history, (5) the defendant's mental and physical health and (6) the deterrent effect of the sentencing decision to both the defendant and other similarly situated defendants. State v. Lewis, 978 S.W.2d 558, 566 (Tenn. Crim. App. 1997). The decision should be based on whether the grant of diversion will serve the ends of justice for both the public and the defendant. Id. The record must reflect that the trial court considered and weighed all these factors in arriving at its decision. State v. Electroplating, Inc., 990 S.W.2d 211, 229 (Tenn. Crim. App. 1998).

Initially, we note that the trial court did not make specific findings regarding its denial of judicial diversion. However, based upon the detailed discussion of its overall sentencing decision, we are able to determine that the required factors were considered and appropriately weighed. Furthermore, we find that there is substantial evidence to support the trial court's denial of diversion. The defendant admitted to additional criminal behavior when he testified at the sentencing hearing regarding his marijuana use. The circumstances of the offense show a very dangerous plan that was only stopped by the intervention of authorities at the behest of an observant citizen. As testified to

by Dr. Hytche, the defendant seems to respond positively to supervision and should fare well with split confinement followed by four years of probation as ordered by the trial court. We also agree with the trial court's concern that the defendant needs to appreciate the seriousness of the offense and that a lack of jail time would send the wrong message to the public. Most important to our consideration is our conclusion that the denial of diversion is necessary for the defendant to continue to improve academically and follow the path he is presently following. Thus, the denial of diversion will serve the ends of justice for both the defendant and the public.

## CONCLUSION

We conclude that there is substantial evidence to support the trial court's denial of judicial diversion. Therefore, the judgment of the trial court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE